David J. Jordan (1751)
david.jordan@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: 801.328.3131

*Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LYNETTE COOK, RODNEY JAY VESSELS, JULIE TITTLE TAGGART,<br>Plaintiffs,<br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>Defendant. | **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:20-cv-00080-TS-PMW<br><br>The Honorable Ted Stewart<br><br>**ORAL ARGUMENT REQUESTED** |

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .....4

*Bryce v. Episcopal Church in Diocese of Colo.,*
289 F.3d 648 (10th Cir. 2002) .....7

*Emp't Div., Dep't of Human Res. of Or. v. Smith,*
494 U.S. 872 (1990) .....5, 6

*Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.,*
344 U.S. 94 (1952) .....6

*Peterson v. Shanks,*
149 F.3d 1140 (10th Cir. 1998) .....5

*Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church,*
393 U.S. 440 (1969) .....6, 7

*Serbian E. Orthodox Diocese for U.S. of Am. & Canada v. Milivojevich,*
426 U.S. 696 (1976) .....5

*In re The Bible Speaks,*
869 F.2d 628 (1st Cir. 1989) .....7

*United States v. Ballard,*
322 U.S. 78 (1944) .....6

*Van Schaick v. Church of Scientology of Calif., Inc.,*
535 F. Supp. 1125 (D. Mass. 1982) .....8

## RELIEF SOUGHT

Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint fails to state a claim on which relief can be granted. Because no amendment could cure the defects, the Complaint should be dismissed with prejudice.

## INTRODUCTION

Plaintiffs are former members of The Church of Jesus Christ of Latter-day Saints. Their complaint against the Church—and the basis for this lawsuit—is that the Church professes to believe in the Book of Mormon, but "[i]n practice" it "totally ignores the powerful message of the BOM and inserts in its place false doctrines …." Compl. ¶ 133. Plaintiffs allege that the Church "fails to practice the . . . most basic and important tenets" contained in the Church's canonical scripture, the Book of Mormon. *Id.* ¶ 141. Specifically, Plaintiffs cite various passages of the Book of Mormon and argue that Church practices are inconsistent with those passages. Among other things, Plaintiffs complain about the Church expending resources on building temples and meetinghouses, an ecclesiastical conference center, genealogical research facilities, its extensive missionary program, as well as other "facilities, education and activity programs, and family history centers for its

30,500 congregations." *Id.* ¶¶ 77-83. Plaintiffs argue that each of those expenditures are somehow inconsistent with the teachings of the Book of Mormon.

The Church categorically and unequivocally denies that any of its practices are inconsistent with canonical scripture. Indeed, the Church maintains that all its efforts (including its financial practices) further the Church's mission—and the Book of Mormon's purpose—of inviting others to come unto Jesus Christ.

Plaintiffs are, of course, entitled to believe and preach whatever religious doctrine they wish. The First Amendment affords them that privilege. But the First Amendment also protects the Church's ability to preach its beliefs. The Supreme Court has been clear that this means that the state, including the courts, cannot wade into disputes over orthodoxy. Simply put, the First Amendment prohibits this Court from weighing and interpreting Church scripture and deciding whether Church practices are consistent with that scripture.

The flaws in Plaintiffs' theory are further revealed by the relief they request. "*Plaintiffs ask this Court to prohibit the Church from sharing its beliefs while establishing their beliefs—and their interpretation of the Book of Mormon—as the orthodox interpretation*." (Emphasis added.) The First Amendment denies civil courts jurisdiction to resolve debates about the meaning of scriptural passages and

prohibiting a church from teaching its beliefs. The Court should dismiss Plaintiffs' Complaint with prejudice.

## SUMMARY OF RELEVANT ALLEGATIONS

The Complaint makes the following allegations:

1. Plaintiffs are former members of The Church of Jesus Christ of Latter-day Saints. Compl. ¶ 54.

2. Plaintiffs allege that they joined the Church and supported it because they believe in the tenets taught in the Book of Mormon. *Id*. ¶ 24.

3. The Book of Mormon is part of the Church's canonical scripture. *Id.* ¶ 4.

4. The Church expends tithes and other offerings from members in at least the following ways:

- To build and maintain temples;
- To build and maintain a conference center;
- To build and maintain meetinghouses;
- To build and operate genealogical research facilities and family history centers;
- To operate its extensive missionary program throughout the world;

- To "fund facilities, education and activity programs, and family history centers for its 30,500 congregations"; and
- To fund and operate universities, a business college, and seminary and institute programs. *Id.* ¶ 77-84.

5. Plaintiffs allege that these actions are inconsistent with their interpretation of the Book of Mormon. *Id.*

6. Plaintiffs allege that the Book of Mormon "plays no role in the Church's doctrine" and the Church "fails to practice the [Book of Mormon's] most basic and important tenets." *Id*. ¶¶ 138, 141.

7. In sum, Plaintiffs allege that the Church "totally ignores the powerful message of the [Book of Mormon] and inserts in its place false doctrines, including vain and foolish promises that families can be together forever, subject to false ordinances, rituals, temple attendance requirements, church attendance requirements, tithing requirements, and endless genealogies." *Id*. ¶ 133.

**LEGAL STANDARD**

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "[O]nly a complaint that states a *plausible* claim for relief survives a motion to dismiss." *Id*. at 679

(emphasis added). The court cannot "supply additional facts" or "construct a legal theory" for the plaintiff where a justiciable claim has not been pleaded. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citation omitted).

**ARGUMENT**

Plaintiffs essentially allege that their faith in The Church of Jesus Christ of Latter-day Saints was fraudulently induced because the Church professes belief in the Book of Mormon but fails to understand and live by what they believe it actually teaches. Specifically, Plaintiffs assert four fraud-based causes of action arguing that the Church committed fraud by not correctly following the Book of Mormon's teachings. Their complaint presents a purely theological dispute that cannot be resolved by the courts.

Civil courts have "no jurisdiction" over a "theological controversy." *Serbian E. Orthodox Diocese for U.S. of Am. & Canada v. Milivojevich*, 426 U.S. 696, 713-14 (1976). "The free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires." *Emp't Div., Dep't of Human Res. of Or. v. Smith*, 494 U.S. 872, 877 (1990). Thus, religious organizations have the right "to decide for themselves, free from state interference, matters of church government as well as those of *faith* and *doctrine*." *Kedroff v.*

*St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 116 (1952) (emphasis added).

Hence, a civil court cannot "lend its power to one or the other side in controversies over religious authority or dogma." *Smith*, 494 U.S. at 877. Churches like individuals "may not be put to the proof of their religious doctrines or beliefs." *United States v. Ballard*, 322 U.S. 78, 86 (1944). Courts cannot question "the validity of particular litigants' interpretations of [religious] creeds" because it is simply "not within the judicial ken." *Smith*, 494 U.S. at 887. Simply put, the First Amendment puts beyond the reach of civil courts "all questions concerning the truth or falsity of religious beliefs or doctrines." *Ballard*, 322 U.S. at 88. There is no non-frivolous argument that the First Amendment allows this Court to adjudicate the theological and religious questions raised by Plaintiffs.

The United States Supreme Court case *Presbyterian Church in U.S. v. Mary Elizabeth Blue Hull Memorial Presbyterian Church* is instructive. 393 U.S. 440 (1969). In that case, a dispute arose between two local churches and the general church concerning control of certain properties. *Id.* at 442. At that time, "Georgia law implie[d] a trust of local church property for the benefit of the general church on the sole condition that the general church adhere to its tenets of faith and practice existing at the time of affiliation by local churches." *Id.* at 443. Thus, the

issue for the jury was whether the "actions of the general church 'amount[ed] to a fundamental or substantial abandonment of the original tenets and doctrines of the (general church).'" *Id.*

The Supreme Court unanimously held that this "departure-from-doctrine" test violated the First Amendment. It explained "the departure-from-doctrine element . . . requires the civil court to determine matters at the very core of religion—the interpretation of particular church doctrines and the importance of those doctrines to the religion. Plainly, the First Amendment forbids civil courts from playing such a role." *Id.* at 450. But that is exactly the role Plaintiffs ask this Court to play. Plaintiffs want this Court (or a jury) to determine whether the Church's practices are consistent with the correct interpretation of Book of Mormon. "To reach those questions would require [this Court] to engage in the forbidden process of interpreting and weighing church doctrine." *Id.* at 451.

To be sure, the First Amendment "does not allow *purely secular* statements of fact to be shielded from legal action merely because they are made by officials of a religious organization." *In re The Bible Speaks*, 869 F.2d 628, 645 (1st Cir. 1989); *see also Bryce v. Episcopal Church in Diocese of Colo.*, 289 F.3d 648, 657 (10th Cir. 2002) ("The church autonomy doctrine is not without limits, however, and does not apply to purely secular decisions, even when made by churches.").

But the "religious tenets" of a church are off limits to judicial scrutiny. Thus, fraud claims against churches can only involve "purely secular" statements of fact because courts cannot adjudicate religious beliefs or claims. *Van Schaick v. Church of Scientology of Calif., Inc.*, 535 F. Supp. 1125, 1140 (D. Mass. 1982).

Plaintiffs' allegations are not even tinged with secular overtones but are instead entirely ecclesiastical. Plaintiffs repeatedly fault the Church for engaging in conduct, such as building temples and family history centers, that they believe is in "direct violation of the [Book of Mormon]." Compl. ¶ 77. What the Book of Mormon teaches about the importance of temples and family history is obviously not a "purely secular" question. The very essence of Plaintiffs' claims is that supposedly the Church "fraudulent[ly] claims … that it is following the BOM when, in fact, it misrepresents and does not support the teachings contained in the BOM." *Id.* ¶ 42. To adjudicate such a claim, this Court would have to make itself the arbiter of the true meaning of the Book of Mormon.

The allegations Plaintiffs make within their separate causes of action are all of the same kind. Plaintiffs' common-law fraud claim is based entirely on the allegation that the Church tells members and prospective members that it believes in and teaches the Book of Mormon, when in fact "the Church totally ignores the powerful message of the [Book of Mormon] and inserts in its place false doctrines

…." Compl. ¶ 133. Far from being "purely secular," Plaintiffs' fraud claim presents a non-justiciable theological dispute.

These frivolous fraud allegations, in turn, form the basis for Plaintiffs' equally frivolous RICO claim. The Church's supposed fraudulent representations regarding the Book of Mormon constitute "racketeering activities, as defined by 18 U.S.C. §§ 1961(1) and (5)," Plaintiffs allege. *Id.* ¶ 89. As Plaintiffs would have it, failing to follow their interpretation of the teachings in the Book of Mormon is a federal crime. Presumably, this is the mail fraud and wire fraud Plaintiffs attempt to plead as yet another cause of action. *Id.* ¶¶ 114-21.

Plaintiffs support their claim for intentional infliction of emotional distress with the conclusory allegation that the Church's "behavior … towards its members and investigators" is "outrageous" and "intended … to cause emotional distress …." *Id.* ¶¶ 159-60. That "behavior" can only be the Church's failure to follow Plaintiffs' interpretation of the Book of Mormon. This is no less frivolous than Plaintiffs' fraud and RICO claims.

Finally, Plaintiffs' "Humanitarian Fraud" claim is nothing more than a litany of criticisms of the Church's humanitarian efforts that have nothing to do with Plaintiffs themselves. According to Plaintiffs, the Church's humanitarian efforts "negatively affect local economic infrastructures" and "eliminate[ ] employment

opportunities for the poor allegedly served by the fraudulent humanitarian aid." *Id*. ¶ 170. Whatever Plaintiffs' views on the subject, they do not plead a claim that the Plaintiffs were defrauded.

**CONCLUSION**

Plaintiffs' Complaint fails to state anything even approaching a justiciable claim. Their claims are plainly forbidden by the First Amendment. The Complaint should be dismissed with prejudice.

DATED: March 3, 2020.

STOEL RIVES LLP

*/s/ David J. Jordan*
David J. Jordan
Wesley F. Harward

*Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of March, 2020, a copy of the foregoing **MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** was served, via U.S. Mail on the following:

Lynnette Cook
228 W. Garden Pk
Orem, UT 84057

Rodney Jay Vessels
230 W. Garden Pk
Orem, UT 84057

Julie Little Taggart
225 S. 300 E. #507
Salt Lake City, UT 84111

*/s/ Stacy Kamaya*