LYNNETTE COOK
228 W. Garden Park
Orem, Utah 84057
Telephone: (435) 919-8240
Email: lovelylynnettest@gmail.com

RODNEY JAY VESSELS
230 W. Garden Park
Orem, Utah 84057
Telephone: (612) 570-1199
Email: ssevdor@gmail.com

JULIE LITTLE TAGGART
225 S. 300 E. #507
Salt Lake City, Utah 84111
Telephone: (801) 577-1928
Email: JLT1920@yahoo.com

*Pro Se Plaintiffs*

FILED US District Court-UT
MAR 04 '20 PM02:52

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH**

| | |
|---|---|
| LYNNETTE COOK, RODNEY JAY VESSELS, JULIE LITTLE TAGGART<br><br>*Pro Se* Plaintiffs,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE.,<br><br>Defendant | PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT<br><br>Case Number: 2:2020cv00080<br><br>The Honorable Ted Stewart<br>Magistrate Judge Paul M. Warner<br><br>ORAL ARGUMENT REQUESTED |

## TABLE OF AUTHORITIES

**Constitution**

U.S. Constitution, Amendment I ("First Amendment") ............................................................. 3, 5, 6, 7

**Statutes**

18 U.S.C. § 1961 (Definition of "Pattern of Racketeering Activity") ...................................................... 5, 6

18 U.S.C. § 1962 (Civil RICO Provisions) ............................................................................... 3, 4, 5, 6

18 U.S.C. § 1341 (Mail Fraud) ............................................................................................. 3, 4, 5, 6

18 U.S.C. § 1343 (Wire Fraud) ............................................................................................ 3, 4, 5, 6

18 U.S.C. § 1956 (Money Laundering) .................................................................................. 3, 4, 5, 6

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ................................................................ 3, 4

**Cases**

*Watson v. Jones,* 80 U.S. (13 Wall.) 679 (1871) ............................................................................. 5

*Cantwell v. Connecticut,* 310 U.S. 296 (1940) ............................................................................... 4

*Sherbert v. Verner,* 374 U.S. 398 (1963) ...................................................................................... 4

*Molko v. Holy Spirit Assn.,* 46 Cal.3d 1092; 762 P.2d 46; 252 Cal.Rptr. 122 (1988), cert. denied, 110 S. Ct. 3217 (1990) ............................................................................................................................. 4

## RELIEF SOUGHT

Plaintiffs ask the Court to deny Defendant's motion to dismiss. Defendant (hereinafter, the "Church") has moved to dismiss Plaintiffs' lawsuit with prejudice, pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*. The Church's motion must fail, if Plaintiffs can show in their lawsuit any claim upon which relief can be granted. Plaintiffs have presented multiple claims for which relief can be granted.

## INTRODUCTION

Plaintiffs bring this civil action against Defendant (hereinafter, the "Church") for violations of the civil provisions of the *Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962*, and for mail fraud, *18 U.S.C. § 1341*, wire fraud, *18 U.S.C. § 1343*, and money laundering, *18 U.S.C. § 1956*. In addition, Plaintiffs are seeking supplemental jurisdiction over state fraud claims, which are alleged as part of this lawsuit.

In its motion to dismiss, the Church attempts to frame Plaintiffs' lawsuit as a case about religious tenets alone. Plaintiffs have described the Church's religious tenets only in the context of the acts of fraud committed by the Church. The Church attempts to hide behind the *First Amendment of the United States Constitution ("First Amendment")*; but acts of fraud are not protected by the *First Amendment*.

The Church maintains that "all its efforts (including its financial practices) further the Church's mission." Plaintiffs will prove at trial, however, that the Church has hidden both its finances and its financial practices from church members in the United States since the 1950s, and that the Church has used members' tithes and offerings, including Plaintiffs', not to further the Church's alleged mission to help the poor, but instead to invest and hoard member contributions, including Plaintiffs', to make the Church the wealthiest religious organization in the world. In addition, instead of providing true humanitarian support for the poor, Plaintiffs' Complaint alleges that the Church has committed humanitarian fraud and has harmed the poor and local economies of the poor through fraudulent practices under color of having the intent to do good.

Plaintiffs have acknowledged in their pleadings that the Church can preach its beliefs, although inconsistent with Joseph Smith, Jr.'s admonition to allow all humans to worship who, how and what they may. (See the Church's 11th Article of Faith.) Plaintiffs are not "wad[ing] into disputes over orthodoxy." Simply put, the First Amendment does not protect acts of fraud. The Church pretends to be all about religion; but the Church is all about

money and popularity and combining with politicians and business leaders to control the world politically.

As stated in Plaintiffs' Complaint, the Church is currently engaged and has for decades been engaged in a scheme to extract tithing from its members, including Plaintiffs, based on false claims, pretenses, misinformation, misdirection, and lies. The Church has secretly, intentionally, fraudulently and unlawfully used member tithing and offerings to amass billions of dollars in savings and investment portfolios, while keeping its members in total darkness concerning its finances, refusing to disclose material financial holdings from its members and the public since the 1950s, when the Church discontinued making any material financial disclosures at its general conferences.

Plaintiffs do not ask the Court to adjudicate religious doctrine or belief systems; rather, they ask the Court to protect Church members and the public and to make Plaintiffs whole, after decades of systematic, fraudulent and unlawful taking of money and property from Church members, including Plaintiffs. While religious belief is absolutely protected, religiously motivated fraud is not. See *Sherbert v. Verner*, 374 U.S. 398, 402-403 (1963). Such fraud remains subject to regulation for the protection of society, and fraudulent organizations are "subject to regulation for the protection of society." *Cantwell v. Connecticut*, 310 U.S. 296, 310 (1940).

In *Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092; 762 P.2d 46; 252 Cal..Rptr., 122 (1988), *cert. denied*, 110 S. Ct. 3217 (1990), the California Supreme Court held that religious organizations may be sued for fraud and intentional infliction of emotional distress when they use deception and lies. None of the cases cited by the Church in its motion to dismiss have anything to do with Plaintiffs' claims in their Complaint, and Plaintiffs are entitled to their day in Court.

## LEGAL STANDARD

The Church moves to dismiss Plaintiffs' lawsuit with prejudice, pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*. The Church's motion to dismiss fails, if Plaintiffs can show any claim in its lawsuit upon which relief can be granted. Plaintiffs have presented multiple claims for which relief can be granted.

Incredulously, the Church has practically ignored Plaintiffs' causes of action, which are grounded in violations of the civil provisions of the *Racketeer Influenced and Corrupt Organizations Act ("RICO")* under *18 U.S.C. § 1962*, mail fraud under *18 U.S.C. § 1341*, wire fraud under *18 U.S.C. § 1343*, and money laundering under *18 U.S.C. § 1956*.

## ARGUMENT

The *First Amendment* bars courts from adjudicating disputes grounded solely in religious belief, but not from adjudicating disputes grounded in fraud. The *First Amendment* provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. ..." The United States Supreme Court has held, for almost 150 years, that the *First Amendment* does not give any religion the right to violate the laws of morality and property or to infringe upon personal rights. *Watson v. Jones*, 80 U.S. (13 Wall.) 679 (1871). The free exercise of religion does not include acts of fraud that injure others' personal and pecuniary interests.

Each of Plaintiffs' causes of action in their Complaint are actionable and will be proven by Plaintiffs at trial. Under *18 U.S.C. § 1962(c)*, defendants in a civil action can be held accountable for participating in an "enterprise" through a pattern of racketeering activity. Plaintiffs allege that the Church, which includes the enterprise of a for-profit corporation and a nonprofit religious organization, has conducted its enterprise affairs through a pattern of racketeering activity. The Church did knowingly, willfully, and unlawfully devise and intend to devise a scheme advancing, furthering, executing, concealing, conducting, participating in, and carrying out a scheme to defraud Plaintiffs of money, property, and other benefits of monetary value and to conduct a pattern of racketeering activity within the meaning of *18 U.S.C. §§ 1961(1), 1961(5)*, and *1962(c)*, through multiple instances of illegal activities that also included mail fraud and wire fraud, in violation of *18 U.S.C. §§ 1341* and *1343*, respectively, and money laundering, in violation of *18 U.S.C. § 1956*. Specifically, in violation of *18 U.S.C § 1956*, the Church has engaged in multiple predicate acts of money laundering through its concealment, structuring, hoarding and hiding of assets, as described in this Complaint. The list of predicate offenses for money laundering includes every *RICO* predicate offense.

*18 U.S.C. § 1962(a)* makes it unlawful for any person who has received any income derived from a pattern of racketeering activity to use or invest any part of that income in the acquisition or operation of any enterprise which is engaged in or affects interstate or foreign commerce. *18 U.S.C. § 1962(b)* makes it unlawful for any person through a pattern of racketeering activity to acquire or maintain any interest in or control of any enterprise which is engaged in or affects interstate or foreign commerce. Plaintiffs allege that the Church has knowingly, willfully, and

unlawfully conducted a pattern of racketeering activity within the meaning of *18 U.S.C. §§ 1961(1), 1961(5)*, and *1962(c),* through multiple instances of illegal activities and of fraud including mail fraud and wire fraud, in violation of *18 U.S.C. §§ 1341* and *1343*, respectively, and money laundering, in violation of *18 U.S.C. § 1956.*

Respectfully Submitted,

Dated: the 4th day of March, 2020

By:

_____
LYNNETTE COOK
*Pro Se*
228 W. Garden Park
Orem, Utah 84057
Telephone (435) 919-8240
Email: lovelylynnettest@gmail.com

_____
RODNEY JAY VESSELS
*Pro Se*
230 W. Garden Park
Orem, Utah 84057
Telephone: (612) 570-1199
Email: ssevdor@gmail.com

_____
JULIE LITTLE TAGGART
*Pro Se*
225 S. 300 E. #507
Salt Lake City, Utah 84111
Telephone: (801) 577-1928
Email: JLT1920@yahoo.com