FILED US District Court-UT
MAR 19 '20 PM03:51

LYNNETTE COOK
228 W. Garden Park
Orem, Utah 84057
Telephone: (435) 919-8240
Email: lovelylynnettest@gmail.com

RODNEY JAY VESSELS
230 W. Garden Park
Orem, Utah 84057
Telephone: (612) 570-1199
Email: ssevdor@gmail.com

JULIE LITTLE TAGGART
225 S. 300 E. #507
Salt Lake City, Utah 84111
Telephone: (801) 577-1928
Email: JLT1920@yahoo.com

*Pro Se Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNNETTE COOK, RODNEY JAY VESSELS, JULIE LITTLE TAGGART<br><br>*Pro Se* Plaintiffs,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE.,<br><br>Defendant | Plaintiffs' Reply Memorandum to Defendant's Reply Memorandum in Defendant's Motion to Dismiss<br><br>Case Number: 2:2020cv00080<br><br>The Honorable Ted Stewart<br>Magistrate Judge Paul M. Warner |

### INTRODUCTION

Defendant (the "Church") submitted a Reply Memorandum in Support of Defendant's Motion to Dismiss (the "Motion"). The Church repeated its claim that Plaintiffs' Complaint fails to state a claim on which relief can be granted and should be dismissed with prejudice.

Defendant falsely claims that "Plaintiffs' Complaint asks this Court to do what the First Amendment plainly forbids: interpret and weigh the Church's scriptures against the Church's teachings and practices." The gravamen of Plaintiffs' Complaint, however, has NOTHING to do with religion or scripture, but rather with ACTS OF FRAUD that are NOT protected by the First Amendment.

Hypothetically, under Rule 12(f) of the Federal Rules of Civil Procedure, this court could strike from Plaintiffs' Complaint EVERY reference to the Book of Mormon or to "scripture" (although these references are simply

illustrative of Defendant's commission of fraud against its members) and Plaintiffs' Complaint would remain as it is—allegations of fraud under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 and 1962, and for mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, and money laundering, under 18 U.S.C. § 1956.

(Plaintiffs join Defendant in withdrawing their respective requests for oral argument to allow the Court to decide this case on the papers, in light of Chief Judge Shelby's recent General Order 20-009 responding to the global Coronavirus pandemic by restricting live hearings.)

## LEGAL STANDARD

We agree with Defendant's statement of the legal standard applicable to its motion.

## ARGUMENT

Defendant errs in assuming that the heart and soul of Plaintiffs' case is based on "weighing and interpreting religious doctrine." Religious doctrine has NOTHING to do with Plaintiffs' allegations of acts of fraud, which are NOT protected by the First Amendment, but which ARE actionable under applicable statutes of the United States Code.

NONE of Defendant's case precedents has anything to do with acts of fraud.   Plaintiffs' allegations under RICO, and under the mail fraud, wire fraud and money laundering provisions of the United States Code statutes have EVERYTHING to do with acts of fraud.

Defendant misses the relevant points of each of Plaintiffs' case law precedents because it misses the relevant acts of fraud committed by the Church.  This lawsuit is the result of Plaintiffs' recent discovery that Defendant and the Church (together, the "Enterprise") have used the money donated by Church members through tithing nominally to run its operations, but primarily to invest in stocks and bonds and other investment vehicles, stockpiling assets through the Enterprise's investment adviser, Ensign Peak Advisors.  This stockpiling has resulted in a hoarded fund of approximately $100 billion.

The Enterprise stockpiled members' tithing and offerings, investing in stocks, bonds, and other investments, hoarding the money to become the wealthiest nonprofit organization in the world.  The stockpiling of the Enterprise was accomplished in secret, hidden from Church members, until revealed by a whistleblower employed by the investment adviser for the hoarded fund.

Plaintiffs asked the Church to end this controversy on two separate occasions.  The first time was before filing the lawsuit.  Plaintiffs asked for the opportunity to meet with the Church to discuss a resolution before filing, which meeting was rejected.  A second effort was made on February 26, 2020, when we offered to settle with the Church without any remuneration paid to Plaintiffs, as this is NOT Plaintiffs' primary objective.

Plaintiffs offered a plan that would eliminate world poverty and child prostitution, using Plaintiffs' experts and the contacts, power and influence of the Church.  The second option we offered was to simply agree to a "Statement of Real Truth," which we prepared for the purpose of eliminating further fraud from being perpetrated by the Church; but the Church rejected our request.

Instead of accepting our offer, however, Defendant moved to dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state ANY claim upon which relief can be granted; but Defendant has offered NO defense to any of Plaintiffs' statutory claims, except with repeated attempts to escape acts of fraud by hiding behind the First Amendment, which does not protect fraudulent acts.

The First Amendment to the United State Constitution provides, in relevant part, that Congress shall make no law prohibiting the free exercise of religion. The First Amendment guarantees that the branches of government will not prevent humans from freely pursuing any religion they choose; however, the free exercise of religion does not permit acts of fraud that damage the pecuniary and property interests of others in the name of religion; that is, a defendant church may not hide behind religion when fraudulently taking money from its members.

Plaintiffs have alleged, without any material defense offered by Defendant, that Defendant has engaged in acts of fraud under the civil provisions of RICO, 18 U.S.C. §§ 1961 and 1962, and for mail fraud under 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1343, and money laundering, under 18 U.S.C. § 1956.

The RICO provisions under 18 U.S.C. § 1962 make it unlawful to receive or use income derived through an "enterprise" engaged in or affected by interstate or foreign commerce through a pattern of racketeering activity or to conspire to do so. An "enterprise" is defined in 18 U.S.C. § 1961(4) to include "any individual, partnership, corporation, association, or other legal entity." The "enterprise" in this case consists of a for-profit corporation, the Defendant, and a nonprofit organization, the Church of Jesus Christ of Latter-day Saints. The nonprofit church is distinctly different from the corporate Defendant, and Defendant uses the church to perpetrate its fraudulent scheme.

Plaintiffs have cited the following case law as relevant, which case law Defendant has misconstrued and ignored as to the salient facts:

In *Watson v. Jones*, 80 U.S. (13 Wall.) 679 (1871), the United States Supreme Court held that the courts had the right to protect members of a church (Presbyterian), who have entrusted property to the church that was supposed to be devoted to the church's mission, and that the courts have a right to inquire into the religious practice of the parties claiming the property entrusted was diverted from that trust: "In this country, the full and free right to entertain any religious belief, to practice any religious principle, and to teach any religious doctrine which does not violate the laws of morality and property and which does not infringe personal rights is conceded to all. … Our only judicial power in the case arises from the conflicting claims of the parties to the church property and the use of it."

In *Molko v. Holy Spirit Assn.*, 46 Cal.3d 1092; 762 P.2d 46; 252 Cal.Rptr. 122 (1988), *cert. denied*, 110 S. Ct. 3217 (1990), the California Supreme Court held that it is not inconsistent with the First Amendment to permit former members of a religious organization to sue the religious organization for fraud, deceptive practices, and the intentional infliction of emotional distress. Two former members of the Unification Church of the United States were subjected to coercion and undue influence through the church's persuasion techniques. The Court ruled that religious organizations may be sued for fraud and intentional infliction of emotional distress, when they use deception and coercive techniques on their members. The free exercise clause of the United States Constitution does not bar an action for fraud against a religious organization when that action implicates action, not belief. The defendants appealed to the United States Supreme Court, which refused to review the decision of the California Supreme Court, and the case was settled out of court.

In *Cantwell v. Connecticut*, 310 U.S. 296 (1940), a father and his two sons were Jehovah Witnesses convicted of breach of peace for proselytizing. They claimed that they were protected by the First Amendment that granted them the free exercise of religion. The Court held that "the [First] Amendment embraces two concepts—freedom to believe and freedom to act. The first is absolute, but, in the nature of things, the second cannot be. Conduct remains subject to regulation for the protection of society . … Nothing we have said is intended even remotely to imply that, under the cloak of religion, persons may, with impunity, commit frauds upon the public."

## CONCLUSION

Plaintiffs' Complaint states SEVERAL claims upon which relief should be granted.  Acts of fraud are NOT protected by the First Amendment. The court should deny Defendant's motion to dismiss.

Respectfully Submitted,

Dated:  the 19th day of March , 2020

By:

LYNNETTE COOK
*Pro Se*
228 W. Garden Park
Orem, Utah 84057
Telephone (435) 919-8240
Email lovelylynnettest@gmail.com

RODNEY JAY VESSELS
*Pro Se*
230 W. Garden Park
Orem, Utah 84057
Telephone (612) 570-1199
Email ssevdor@gmail.com

JULIE LITTLE TAGGART
*Pro Se*
225 S. 300 E. #507
Salt Lake City, Utah 84111
Telephone (801) 577-1928
Email JLT1920@yahoo.com